NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUNSONG WANG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 15-73212

Agency No. A200-266-234

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020**

Before: TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Junsong Wang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

agency's factual findings. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We grant in part and deny in part the petition for review, and we remand.

As to asylum and withholding of removal, the record compels the conclusion that the cumulative harm Wang suffered in China rose to the level of persecution. *See id*. at 1213-17 (finding petitioner suffered harm rising to the level of persecution where he was detained, beaten, forced to sign a document promising not to attend a home church, and required to report to the police weekly); *see also Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (totality of the circumstances compelled finding of persecution). Thus, we grant the petition for review as to Wang's asylum and withholding of removal claims, and remand to the agency for further proceedings consistent with this disposition. *See Guo*, 897 F.3d at 1217; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because the record does not compel the conclusion that it is more likely than not Wang would be tortured if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Guo*, 897 F.3d at 1217 (insufficient likelihood of torture).

Wang's removal is stayed pending a decision by the BIA.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**